RECEIVED
IN LAKE CHARLES, LA
MAR 2 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00073-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KEVIN C. PETE, SR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶35 of the PSR which increases his criminal history score by three points, pursuant to USSG 4A1.1(a). Pete pleaded guilty to state charges of distribution of cocaine on December 17, 2008. In computing the criminal history category, three points were assigned for this conviction. This increased the defendant's guidelines by 15-20 months.

The plea in state court was part of the plea agreement in this case. According to AUSA Namie, the ramifications of such a plea prior to the sentencing in federal court were discussed. The plea was entered into voluntarily and Pete benefitted from the agreement, even though the state court conviction impacted his criminal history score.

The defendant is not asserting that the plea was not voluntary. He is simply arguing that because he agreed to plead in state court prior to sentencing in federal court as part of his plea agreement, his state court conviction should not be counted. There is no basis in law for this argument.

USSG §4A1.1(a) directs that three points are to be added to the criminal history score for each prior sentence of imprisonment exceeding a year and a day. Application Note 1 in the Commentary to USSG §4A1.1(a) defines a prior sentence as " a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if is was for conduct other than the conduct that was part of the instant offense." The state court conviction in ¶35 was properly assessed three points pursuant to USSG §4A1.1(a). Accordingly, this objection is OVERRULED.

Lake Charles, Louisiana, this 2 day of March, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE